# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CAMILLE MCCULLOUGH and
MELANIE MONROE,

                   **Plaintiff,**

-vs-                                    **Case No.  6:10-cv-1600-Orl-22DAB**

NATIONAL ASSOCIATION OF
COUNTIES, NACO RESEARCH
FOUNDATION, NACO FINANCIAL
SERVICES CORP., NACO FINANCIAL
SERVICES  CENTER,  and
NATIONWIDE RETIREMENT
SOLUTIONS, INC.,

                   **Defendants.**

_____

## ORDER

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **CONSENT MOTION TO SEAL DOCUMENTS (Doc. No. 103)** |
| **FILED:** | **July 18, 2011** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

       Defendants National Association of Counties ("NACo"), NACo Research Foundation, NACo Financial Services Corp. and NACo Financial Services Center seek to seal four exhibits that appear to be currently available in the public docket.  Citing Local Rule 1.09(a), these Defendants move to seal Exhibits 2, 4, 9, and 15 to Plaintiffs' Motion for Class Certification (Doc. Nos. 96-3, 96-5, 96-10, and 96-16), as being subject to the Protective Agreement on Confidentiality and Privilege entered into

by the parties in this case, and as "confidential business documents" relating to the NACo Defendants. Upon review, the motion is denied.

The common-law right of access to judicial proceedings establishes a presumption that criminal and civil actions should be conducted openly and that judicial records are subject to inspection and copying. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir.2001). "The right to inspect and copy records is not absolute, however. As with other forms of access, it may interfere with the administration of justice and hence may have to be curtailed." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983)(internal citation omitted). In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

As noted in the motion, Local Rule 1.09(a) provides that a party seeking to file a document under seal must provide: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

The Court addresses each document under this standard, as follows.

*Exhibit 2 - Doc. No. 96-3*

This is a List of Counties and Local Government Entities that participate in the NACo Section 457 Deferred Compensation Program. The NACo Defendants had designated this document as "confidential" and contend that sealing the exhibit is "necessary because it is subject to the Protective Agreement and would protect NACo members from undue embarrassment and harassment, potentially in the form of copycat lawsuits." These Defendants contend that the list is otherwise "not publicly available" and sealing is required "because it is only by sealing Exhibit 2 that the interests of counties and local governmental entities that are not parties to this litigation can be protected."

The exhibit is, as stated, a list of *public government* entities that participate in NACo's program. Business arrangements of public entities are, by definition, inherently public and the statement that a governmental entities participation in the program is "not publicly available" is strongly suspect. Moreover, these Defendants cite, without support, that sealing is necessary to protect NACo members from embarrassment and harassment in the form of copycat lawsuits – an assertion the Court finds to be odd in the context of this purported *class action* suit. Moreover, shielding a party from the litigation consequences of its own activities is not a value to be served by allowing documents to be filed under seal. The Court finds this showing to be inadequate under the applicable standard to warrant sealing the document.

*Exhibit 4-Doc. No. 96-5*

Exhibit 4 is the National Association of Counties—Third Amended and Restated Deferred Compensation Program Agreement, by and among NACo, NACo Financial Services Corp., Nationwide Life Insurance Company, and Nationwide Retirement Solutions, Inc., executed April 11, 2008. These Defendants contend that sealing the document "is necessary because it is both subject to the Protective Agreement and because Exhibit 4 is a confidential agreement that contains sensitive, private business information." Thus, movants argue, in essence, that the exhibit is confidential based

on its designation as confidential and because movants say it is confidential.   The Court is unconvinced by this cursory (and unsupported) showing.   Absent more, business records enjoy no presumption of confidentiality.   A seal is not warranted on this business agreement.

*Exhibit 9- Doc. No. 96-10*

Exhibit 9 is the National Association of Counties Deferred Compensation Program Administrative Agreement template.   That is, it is an unexecuted draft form of an agreement, which these Defendants claim is "confidential" in that it was so designated and is a "proprietary document generated for use in the NACo Deferred Compensation Program."   Movants claim that disclosure is "harmful" to retention of that proprietary interest.   There is no showing that this document is a trade secret and it is highly unlikely, given the nature of the business arrangement it contemplates, that such a document, even executed, would be considered to be so.   Indeed, the exhibit itself provides, in relevant part:

> WHEREAS, Employer has enacted the necessary resolution/court order to adopt the NACo Deferred Compensation Program *and this Administrative Agreement* . . ."

(Doc. No. 96-10 at p.2 – emphasis added).   No seal is warranted.

*Exhibit 15-Doc. No. 96-10*

Exhibit 15 is the National Association of Counties Deferred Compensation Program, Member County Administrative Agreement, entered into by NACo and Freeborn County (County Administrator) and PEBSCO, dated August 3, 1990.   The document in the electronic record is mostly illegible, but appears to be executed by the County Administrator on behalf of Freeborn County. These Defendants assert that this document is proprietary and its disclosure is harmful to NACo Defendants' interests, but fail to explain how the interests of the parties are harmed by disclosure of what appears to be a 21 year old public document.   Again, a seal is not warranted.

-4-

Absent a showing sufficient to meet the standard for seal with respect to any of the documents, the motion is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on July 19, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record